# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

A. S.,

        Petitioner,

v.

KRISTI NOEM, et al.,

        Respondents.

Case No. 1:26-cv-01039-JLT-SKO (HC)

ORDER GRANTING THE PETITION FOR HABEAS CORPUS AND ORDERING PETITIONER'S IMMEDIATE RELEASE[1]

(Doc. 2)

## I.   INTRODUCTION

Before the Court for decision is A.S.'s request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed their response to the TRO and the underlying petition asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 9) Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.   FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a 32-year-old native and citizen of Iran who entered the United States after scheduling an asylum appointment through the CPB One app on August 3, 2024, at which time he was apprehended by the Department of Homeland Security near Brownsville, Texas. (Doc. 2

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 9 at 2) Because the Court orders the immediate release of the petition as a result of granting the petition, the motion for temporary restraining order (Doc. 2) is MOOT.

at 6.) After Petitioner requested to apply for asylum, immigration officials referred him to U.S. Citizenship and Immigration Services for a Credible Fear Interview, and asylum officials determined Petitioner did have a credible fear of persecution or torture if returned to his home country. (*Id*.) Petitioner was placed in removal proceedings under 8 U.S.C § 1229a and on December 19, 2024, ICE granted Petitioner humanitarian parole under 8 U.S.C. §1182(d)(5)(A). (*Id*.) Petitioner asserts that he complied with all the conditions of his parole, including wearing an ankle monitor and attending all ICE check-ins and appointments with immigration authorities. (*Id*.)

Upon release from detention, Petitioner built a life in Texas. He joined a church community, maintained a clean criminal record, and obtained an Employment Authorization Document. (*Id*.) Petitioner also applied for asylum based on his fear of persecution due to his religious beliefs as a Christian. (Doc. 2 at 5.)

In October 2025, Petitioner was arrested when he reported to ICE offices in Dallas to report a change of address. (Doc. 2 at 6.) He is currently being detained at California City Detention Facility in California City, California. (*Id*. at 7.) Petitioner has since been suffering from severe medical issues during his detention. (*Id*.)

The government opposes the issuance of preliminary injunctive relief and maintains that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally* Doc. 9.) In taking this position, they cite two non-binding opinions but make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *Id.*; *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025). Thus, for the reasons set forth, the Court **ORDERS:**

1.    The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the orders cited above;

2.    Respondents are **ORDERED** to release the petitioner **IMMEDIATELY**;

3.      Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[2].

IT IS SO ORDERED.

Dated:   **February 17, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.