**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.S.,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | Case No. 1:26-cv-01039 JLT EGC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT THE COURT GRANT PETITIONER'S MOTION FOR ATTORNEY'S FEES PUSUANT TO EAJA<br><br>(Doc. 14) |

A.S. is a former federal detainee proceeding by counsel. A.S. initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 on February 5, 2026. (Doc. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17). On February 17, 2026, the Court granted the petition and ordered Respondents to immediately release Petitioner, finding this case indistinguishable from the many others in which this Court found due process violations where the petitioner had previously been released by Respondents on some form of recognizance or parole, complied with all conditions of release, but were subsequently re-detained without notice or any changed circumstances. (*See* Doc. 11.) On May 18, 2026, Petitioner moved for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. 13.) Respondent failed to timely file an opposition. (*See* Docket.)

On June 26, 2026, the assigned magistrate judge issued findings and recommendations to grant Petitioner's motion and order Respondent to remit to counsel for Petitioner attorneys' fees

and expenses in the amount of $3,235.75. (Doc. 14 at 3.) The Court served the findings and recommendations on all parties. Respondents timely filed objections, which purport to also be their opposition to the underlying motion. (Doc. 16.)

First, Respondents offer no explanation for the tardy opposition. (See Doc. 16 at 8 n. 1.) Thus, the Court could disregard the opposition and objections entirely. *See* Local Rule 230(c); *Williams v. Baker*, No. 1:16-cv-01540-DAD-JDP, 2019 WL 1369889, at *1 (E.D. Cal. Mar. 26, 2019) ("Arguments raised for the first time in objections to the findings and recommendations are waived." citing *Greenhow v. Sec'y of Health & Human Servs*., 863 F.2d 633, 638 (9th Cir. 1988) (stating that it was "entirely appropriate" for a district court to decline to consider arguments not raised before the magistrate judge), overruled on other grounds by *United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).) That is because "allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Greenhow*, 863 F.2d at 638.

Even so, Respondents' positions are not justified. First, they offer a lengthy, boilerplate argument that the EAJA's waiver of sovereign immunity does not extend to immigration-related habeas matters. (Doc. 16 at 10–17.) The Court finds persuasive the several courts in this Circuit that have rejected these arguments. *See, e.g.*, *Doe v. Chestnut*, No. 1:25-CV-01372-CDB, 2026 WL 1459808, at *2 (E.D. Cal. May 25, 2026); *N.A.L.C. v. Wofford*, No. 1:25-CV-01917-KES-CDB (HC), 2026 WL 1724739, at *2 (E.D. Cal. June 15, 2026); *Jimenez v. Bostock*, No. 3:25-CV-00570-MTK, 2026 WL 1893763, at *2 (D. Or. July 1, 2026).

Second, Respondents maintain EAJA fees are not warranted because their litigating position was substantially justified. The Court recently adopted findings and recommendations that rejected this position in substantially similar circumstances. *E.A.P.C. v. Wofford*, No. 1:25-CV-01546-JLT-CDB (HC), 2026 WL 1758394, at *2 (E.D. Cal. June 18, 2026) ("[I]n making this argument, Respondents have never attempted to reconcile that after ICE detained Petitioner, immigration authorities released him under supervision, implicitly finding that his release presented neither flight nor danger risk."), *report and recommendation adopted*, 2026 WL

1983910 (E.D. Cal. July 9, 2026). The Court adopts that reasoning here. Finally, the Court has reviewed the other arguments raised by Respondents and finds them unpersuasive or inaccurate. The billing records are sufficiently detailed, the hours claimed are reasonable, and appropriate statutory rates were used.

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

Thus, the Court ORDERS:

1. The findings and recommendations issued on June 26, 2026 (Doc. 14) are **ADOPTED** in full.
2. Petitioner's motion for award of attorneys' fees pursuant to 28 U.S.C. § 2412 (Doc. 13) is **GRANTED**:
   a. Respondents are **ORDERED** to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $3,235.75.
   b. This award shall be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel.

IT IS SO ORDERED.

Dated: July 14, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE